STEAGALL, Justice.
Precision Chipper Corporation, Precision Holding Company, Inc., and Precision American Corporation (hereinafter collectively referred to as “Precision”), sued E & S Facilities, Inc., and Bates Insurance Agency, Inc. The jury returned an $875,-000 verdict for Precision and against E & S Facilities and also returned an $875,000 judgment for Precision and against Bates Insurance. The trial court entered judgments on those verdicts. This Court affirmed. See E & S Facilities, Inc. v. Precision Chipper Corp., 565 So.2d 54 (Ala.1990). Upholding the two $875,000 judgments entered by the trial court, this Court specifically rejected the contention that the two judgments — one against each of two defendants — constituted an impermissible apportionment of damages.
After that first appeal, Bates Insurance paid into the court an amount that was sufficient to satisfy the $875,000 judgment against it (including interest). E & S Facilities paid into court an amount sufficient to pay one-half of the $875,000 judgment against it (with interest).
E & S Facilities asked the trial court to hold that the payment by Bates Insurance had satisfied the judgment as to both Bates Insurance and E & S Facilities. In effect, E & S Facilities was asking the court to hold that the two judgments of the trial court, in their legal effect, amount to an order that the two defendants together pay a total of $875,000. The trial court rejected that request, holding in a written order that this Court’s opinion in the first appeal had clearly answered the contention of E & S Facilities. Interpreting this Court’s opinion, it held that there were two judgments, one against E & S Facilities and one against Bates Insurance, each for $875,000 and, therefore, that Precision was entitled to a total of $1,750,000. Therefore, the trial court held, Bates Insurance’s payment in full of $875,000 with interest could satis *453 fy only the judgment against Bates Insurance. E & S Facilities appeals.
Precision, as appellee, argues that this appeal is but another attempt to litigate the contention that the two judgments somehow constituted an impermissible apportionment of damages. It appears that Precision is correct. We agree with the trial court’s conclusion that that question was clearly answered by this Court’s first opinion, and we agree with the trial court’s holding that the separate judgment against E & S Facilities has not been satisfied by the payments made by Bates Insurance.
The trial court’s judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.